# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

Case No. 5D2024-2501
L.T. Case No. 2024-MM-000364-A

————————————————

ANTHONY EARL CRIM, JR.,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

————————————————

On appeal from the County Court for Marion County.
Thomas P. Thompson, III, Judge.

Matthew J. Metz, Public Defender, and Darnelle Paige Lawshe, Assistant Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kaylee Danielle Tatman, Assistant Attorney General, Daytona Beach, for Appellee.

July 24, 2026

PER CURIAM.

In this *Anders*[1] appeal, we affirm the judgment and sentence. However, the written sentence contains a scrivener's error harmful to Appellant which should be corrected upon remand as to Count

---

[1] *Anders v. California*, 386 U.S. 738 (1967)

1. "A written sentence that conflicts with the oral pronouncement of sentence imposed in open court is an illegal sentence." *Beard v. State*, 27 So. 3d 186, 187 (Fla. 5th DCA 2010) (citing *Williams v. State*, 957 So. 2d 600, 603 (Fla. 2007)). "When a discrepancy exists, the oral pronouncement controls over the written." *Id.*

In this case, the record reveals that the trial court orally pronounced a sentence on Count 1 of twelve months' probation, with a special condition that the first forty-two days (minus four days' credit for time served) be served in the Marion County Jail. On Counts 2 through 5, the trial court imposed consecutive twelve months' probation on each count, with a special condition that four days be served in jail with credit on each count of four days' time served.

The written sentence, though, shows a jail sentence of forty-two days *and* twelve months' probation for Count 1, and twelve months' probation *and* a four-day jail term for each of Counts 2 through 5, which are illegal sentences because they are inconsistent with the oral pronouncement and also exceed the statutory maximum for each count. The written sentence should be corrected to conform to the oral pronouncement.

AFFIRMED; REMANDED for correction of scrivener's error.

EISNAUGLE, KILBANE, and MACIVER, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---